UNITED STATES DISTRICT COURT

ORIGINAL

DISTRICT OF MINNESOTA

Civil File No. 01-1174 PAM/JGL

Carpenters & Joiners Welfare Fund,
Twin City Carpenters Pension Fund,
Twin City Carpenters Vacation Fund,
Twin City Carpenters Apprenticeship
Fund, Trusts,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

TIM BICE, d/b/a TIM BICE CONSTRUCTION,
and in his individual capacity,

Defendant.

---

This matter was heard before the undersigned on the 16th day of November, 2001. Scott B. Crossman of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on June 28, 2001.

2. Defendant Tim Bice, d/b/a Tim Bice Construction was served with the Summons and Complaint in this matter on July 7, 2001.

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,

FILED NOV 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

among other things, pension, vacation, health and welfare benefits to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendant Tim Bice, d/b/a Tim Bice Construction accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) between the Carpentry Contractors Association and the Lakes and Plains Regional Council of Carpenters and Joiners. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

7. The Plaintiffs requested that Defendant submit records for the period of November 2000 through the present, but those documents have not been produced.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must produce all records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of November 2000 through the present.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce for inspection and audit a complete set of the following business records for the period November 2000 through the present:

   a. All payroll journals;

   b All time cards;

   c. All Internal Revenue 941 quarterly report forms;

   d. All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

   e. Defendant's payroll check register and sequential canceled checks from Defendant's payroll account; and

   f. All Internal Revenue 1099 and 1096 forms for 1997 through 1999.

3. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425.

5. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs.

6. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs shall be determined by the Court after hearing.

Dated: November 16, 2001

Paul A. Magnuson
United States District Judge